UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR.,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>  Respondent. | No. 2:25-cv-0481-SCR-P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state pretrial detainee, is proceeding without an attorney in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Also pending before the court are petitioner's motions to proceed in forma pauperis and additional motions for an extension of time and for his release.  ECF Nos. 4, 5, 9, 13, 15, 16, 21.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of this action.  ECF No. 4 at 1-2.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

**I.     Factual and Procedural Background**

Petitioner is a pretrial detainee in state custody who is challenging the criminal proceedings against him in the Butte County Superior Court.  On March 15, 2025, petitioner filed

///

///

1

a first amended § 2254 petition.[1]  ECF No. 20.  The amended § 2254 petition supersedes the original habeas application.  See Local Rule 220.  As far as the court can determine from the amended § 2254 petitioner challenges his initial arrest and seeks to represent himself in his state criminal proceedings.

## II.  Legal Standards

Federal courts cannot interfere with pending state criminal proceedings absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issues.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992).  If all three of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury.  See Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown.").

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

///

---

[1] The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

### III.  Analysis

As an initial matter, the court construes petitioner's habeas application as one filed pursuant to 28 U.S.C. § 2241, which is the proper procedural vehicle for challenging pretrial confinement in the absence of a final state court judgment.  See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

Furthermore, under Rule 4 of the Rules Governing Section 2254 Cases, which are equally applicable to § 2241 petitions,[2] the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review and recommends summarily dismissing petitioner's amended habeas corpus application because federal court intervention is not warranted in light of the ongoing state criminal proceedings.

In this case, abstention pursuant to Younger is warranted.  First, it is apparent from the face of the amended petition that state criminal proceedings were ongoing when the habeas petition was filed.  See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988). Secondly, the ongoing state proceedings involve an important state interest since they concern the application of criminal law.  Lastly, the ongoing state proceedings provide petitioner the opportunity to challenge the legal sufficiency of his arrest as well as his ability to represent himself at trial on the pending criminal charges.  Moreover, the allegations in the habeas petition do not demonstrate that this is an extraordinary case justifying an exception to the Younger abstention rule.  Petitioner does not explain any irreparable injury to his criminal case that will occur if this court does not review his amended habeas petition on the merits, nor is any apparent from the face of the amended petition.  For all these reasons, the undersigned recommends that petitioner's amended application for a writ of habeas corpus be summarily dismissed without prejudice based on the Younger abstention doctrine.

///

///

---

[2] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions.

**IV.     Plain Language Summary for Pro Se Party**

Since petitioner is proceeding without the assistance of an attorney, the following information is meant to explain this order in plain English.  It is not intended as legal advice.

After reviewing the amended habeas petition, the undersigned has concluded that the federal court should not intervene in your pending state criminal proceedings pursuant to the Younger abstention doctrine.

If you disagree with this recommendation, you have 21 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review the file and make the final decision about whether your case is dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.

2. Petitioner's motions to proceed in forma pauperis (ECF Nos. 4, 5, 16) are granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's amended application for a writ of habeas corpus (ECF No. 20) be summarily dismissed without prejudice based on the Younger abstention doctrine.

2. All pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Wilson v. Belleque, 554 F.3d 816, 824-825 (9th Cir. 2009) (holding that a certificate of appealability is required for § 2241 petitions filed by state pretrial detainees).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if

the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 27, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5