UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | No. 2:25-cv-00481-DAD-SCR <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE OPERATIVE PETITION, AND CLOSING THIS CASE <br><br> (Doc. Nos. 21, 25) |

Petitioner Levi Dale Laster, Jr., is a current county jail inmate being held at the Butte County Jail and appearing *pro se* in this action with a petition of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, on the basis of *Younger* abstention. (Doc. No. 25 at 4.) Specifically, the magistrate judge found that it was apparent from the face of the first amended petition that the state criminal proceedings against petitioner were ongoing when the habeas petition was filed. (*Id.* at 3.) Moreover, the magistrate judge concluded that petitioner had failed to establish any irreparable injury because he had not demonstrated the existence of extraordinary circumstances that would justify this federal court not abstaining under

*Younger*. (*Id.*); *see also Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (holding that *Younger* abstention was proper where the petitioner was challenging pretrial detention because the delay in trial was not an extraordinary circumstance).

The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (Doc. No. 25 at 4.) Though petitioner has not filed any objections, he has filed several other notices and two further amendments to his petition since the issuance of the pending findings and recommendations. (Doc. Nos. 26, 27, 29, 30, 31, 32, 33, 36, 37, 38, 39.)

A review of petitioner's additional filings does not reveal any basis upon which to reject the magistrate judge's findings and recommendations. For instance, petitioner's proposed third amended petition states that he is still awaiting trial and accordingly *Younger* abstention applies. (Doc. No. 32 at 2.) Petitioner's filings do not otherwise address the pending findings and recommendations nor do they call into question the analysis therein.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of her case, she must demonstrate "something more than the absence of frivolity or the existence of mere good faith on [her] . . . part." *Miller-El*, 537 U.S. at

338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 28, 2025 (Doc. No. 25) are ADOPTED in full;

2. The operative petition for writ of habeas corpus (Doc. No. 20) is dismissed, without prejudice, on the basis that the court cannot exercise jurisdiction pursuant to the *Younger* abstention doctrine;

3. Petitioner's motion for release (Doc. No. 21) is DENIED as having been rendered moot by this order;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 19, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE